### (July 22, 1974)

■ ADZUM AUTO SALES, INC., Doing Business as MT. KISCO MAZDA, Respondent, v. TOWN OF BEDFORD et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to review a determination of the Zoning Board of Appeals of the Town of Bedford, dated April 4, 1973, denying petitioner's application. for a variance to permit erection of a sign on its premises, the appeal is from a judgment of the Supreme Court, Westchester County, dated August 20, 1973, which annulled the determination and directed that the variance be issued forthwith. Judgment affirmed, without costs. Though appellants claim that the sign proposed by petitioner is in excess of the dimensions allowable under the zoning ordinance, the proof indicates that the sign is substantially of the same dimensions as an existing sign previously allowed on petitioner's premises. In fact, petitioner's proposed sign is actually smaller than the original sign, with the exception that it may be three feet higher off the ground. The original sign was allowed by a grant of a variance in 1967 to a predecessor owner of the premises. Under the circumstances, the denial of petitioner's application was unwarranted. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.

■ SADIE BERGER, Respondent, et al., Plaintiffs, v. SHAARE TORAH TEMPLE, Appellant.— In a negligence action to recover damages for personal injuries sustained by plaintiff Sadie Berger, defendant appeals from a judgment of the Supreme Court, Kings County, entered November 1, 1972, in favor of said plaintiff, upon the trial court's decision on the issue of liability, after a nonjury trial on that issue only, and upon a stipulation of the parties as to the amount of the damages. Judgment reversed, on the facts, and new trial granted, with costs to abide the event. The decision of the trial court was contrary to the weight of the evidence. Shapiro, Acting P. J., Cohalan, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm.